**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 98-31332
Summary Calendar

_____

LEVORN WOODLEY, CURTIS WOODLEY, MATHEW WOODLEY, CURVIS WOODLEY,
REGINA WOODLEY,

Plaintiffs-Appellants,

VERSUS

MARY RIVES GALLASPY, ROCKING G. FARMS L P;
PRAIRIE BAYOU HUNTING CLUB; BOBBY N. OTT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(97-CV-1981)
_____

November 26, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The Woodleys filed this action seeking a judgment recognizing them as legal owners of certain property in DeSoto Parish, Louisiana. After a bench trial, the district court found that Defendant Gallaspy had exercised corporeal possession of the property in good faith and dismissed the plaintiffs' suit. The court found that none of the plaintiffs' contacts with the property

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

were sufficient to evict Gallaspy or to constitute corporeal or civil possession by the plaintiffs. Thus, the district court found that the running of the ten year prescriptive period in favor of Gallaspy was not interrupted. A careful review of the record reveals that these findings are amply supported. The district court did not err in entering judgment for Gallaspy.[1]

Plaintiffs also argue that the district court erred in denying their motion to review the clerk's taxation of costs. They contend that Gallaspy incurred unnecessary costs in copying certified deeds reflecting her chain of title. The district court did not err in finding that these costs were necessary because the plaintiffs' suit was a petitory action. Thus, the district court did not err in denying the plaintiffs' motion.

We have reviewed the plaintiffs' other arguments on appeal and find them to be without merit.

We therefore affirm the district court's judgment in all respects.

---

[1] The judgment also was in favor of the lessees and other defendants claiming through Gallaspy. Claims against them were dismissed pursuant to Fed.R.Civ.P. 12(b)(6).